# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR A. OKORO,

               **Plaintiff,**

     **v.**                                         **Case No.  05C0756**

MILWAUKEE COUNTY,

               **Defendant.**

## DECISION AND ORDER

Plaintiff Arthur A. Okoro, a correctional officer at the Milwaukee County House of Correction, brings this employment discrimination action alleging that defendant Milwaukee County discriminated against him based on race (black) and national origin (Nigerian) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by failing to promote him to the position of lieutenant and by demoting him from a status known as temporary assignment higher classification ("TAHC").  Defendant now moves for summary judgment.

## I.  FACTS

Plaintiff has served as a correctional officer at the House of Correction since 1996 and presently holds the rank of sergeant.  He has a bachelor's and a master's degree in criminal justice.  In order to be placed on the list of candidates eligible for promotion to lieutenant, a correctional officer must have a high school degree, be certified as a jailor by Wisconsin's Law Enforcement Standards Board ("LESB"), hold or have previously held the rank of correctional officer II and score over seventy on a qualifying exam.  When a lieutenant's position opens up, defendant certifies ten candidates from the eligibility list in

order of their positions on the list and two additional candidates for each additional position to be filled in that round of promotions.

Plaintiff took the qualifying exam in 2003 and scored seventy-three, which placed him seventeenth on the list of eligible candidates. In 2004, three lieutenant's positions opened up, and defendant certified the top fourteen eligible candidates and promoted three, one of whom – a white American – had not been certified by the LESB and had not completed his probationary period as a correctional officer II.[1] Because plaintiff was seventeenth on the list of eligible candidates, he was not among those certified for consideration.

In 2005, three more lieutenant's positions opened up, although the record is unclear as to whether more than two opened up at exactly the same time. In addition, two correctional officers, whose names preceded plaintiff's on the eligibility list, disavowed interest in the positions. Even assuming that only two positions opened up at the same time, it appears that plaintiff ranked twelfth on the list of eligible candidates and thus should have been certified for consideration for the promotion. This is so because the list would not have included the three officers promoted in 2004 and the two officers on the list who disavowed interest in the promotions. Additionally, if the unqualified candidate defendant promoted in 2004 had not been on the list, plaintiff would have ranked eleventh among eligible candidates. However, defendant did not certify plaintiff as an eligible candidate and thus did not consider him for the promotion. Defendant filled the positions with other

---

[1] Plaintiff alleges that two of the correctional officers promoted in 2004 had access to the exam before taking it, and that someone tampered with his test to keep his score low. However, he presents no evidence in support of these allegations, and I will therefore disregard them.

certified candidates, all of whom, according to plaintiff, had less seniority and education than he did.

In July 2003, pursuant to a TAHC, defendant temporarily assigned plaintiff to a lieutenant's position. This assignment involved an increase in salary and added responsibilities and prestige. Apparently, an officer could remain in a TAHC for an unlimited period of time. Moreover, plaintiff states that no one in a TAHC had previously been demoted. Further, it appears that an officer did not have to be certified to serve in a TAHC. In May 2004, defendant demoted plaintiff from the TAHC and promoted three other officers as lieutenants using TAHCs.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden by pointing out that there is an

3

absence of evidence to support the non-moving party's case.  Id. at 325.  Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial.  Id. at 322-23.  Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable."  Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

### III.  DISCUSSION

Plaintiff seeks to prove discrimination via the indirect method provided in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under such method, plaintiff must first establish a prima facie case of discrimination.  To do this, he must show that: (1) he is a member of a protected class; (2) he was performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) defendant treated similarly situated individuals more favorably.  Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002).  If plaintiff establishes a prima facie case, defendant must show that it had a legitimate non-discriminatory reason for its action.  E.E.O.C. v. Our Lady of Resurrection Med. Ctr., 77 F.3d 145, 148 (7th Cir. 1996).  If defendant offers such a reason, plaintiff must then show that the reason is pretextual.  Grayson v. Chicago, 317 F.3d 745, 748 (7th Cir. 2003).

4

Plaintiff establishes that he is a member of a protected class, both because his race is black and his national origin is Nigerian. Plaintiff also presents uncontradicted evidence that he satisfactorily performed his job. As indicated above, plaintiff also presents evidence that defendant failed to certify him for consideration for a promotion even though it appears that he was entitled to such certification. Because defendant failed to consider him for a promotion, naturally defendant did not promote him. Not being promoted is an adverse employment action. Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998).

Plaintiff additionally presents evidence that by demoting him from a TAHC, defendant also committed an adverse employment action. "A materially adverse change might be indicated by . . . a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Rabinovitz v. Pena, 89 F.3d 482, 488 (7th Cir. 1996). Plaintiff states that when defendant demoted him from his TAHC, his pay decreased, he lost nearly a year of seniority as a sergeant, and he suffered the indignity of "being a lieutenant one day and wearing stripes the next." (Ashworth Dep. at 42.) Plaintiff states that defendant has not given him a reason for his demotion.

Finally, plaintiff presents evidence that defendant treated similarly situated individuals not in the protected groups more favorably. Defendant appears to have considered correctional officers similarly situated to plaintiff for the 2005 round of promotions and promoted some of them. Plaintiff also states that similarly situated officers held TAHCs but were not demoted. Thus, both as to his claims of discrimination by reason

5

of failure to promote and discrimination by reason of demotion, plaintiff states prima facie cases of race and national origin discrimination.

I turn next to whether defendant presents legitimate non-discriminatory reasons for failing to promote plaintiff and for demoting him from his TAHC. Defendant states that it did not consider plaintiff for a promotion because he was not on the certification list. However, this explanation is circular and begs the question of why he was not the list. As indicated, the evidence suggests that plaintiff should have been certified, and defendant offers no explanation as to why he was not.

Defendant also states that it demoted plaintiff from his TAHC because he was not on the certification list and because other officers had stronger claims to the assignment than he did. However, once again, defendant does not explain why plaintiff was not certified. Moreover, it appears that an officer did not need to be certified to receive or maintain a TAHC.

In sum, because defendant's reasons seem to make little sense and a jury would not be required to believe them, I will deny defendant's motion for summary judgment. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). Of course, this does not necessarily mean that discrimination occurred, but it does require that the case be allowed to proceed. See id. at 153-54.

6

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment is **DENIED**.

Dated at Milwaukee, Wisconsin this 8 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge